**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 16, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 04-2787 | Appeal from the United States District Court for the Northern District of Illinois, Western Division |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| | No. 03 CR 50028 |
| *v.* | |
| | **Philip G. Reinhard**, *Judge.* |
| ANDREW A. CHAVIS, *Defendant-Appellant*. | |

## O R D E R

Andrew Chavis challenged his sentence of 420 months' imprisonment in light of *United States v. Booker*, 543 U.S. 220 (2005), contending that the district court committed plain error in its application of the then-mandatory sentencing guidelines. Based on *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), we issued a limited remand to the Northern District of Illinois to determine whether it would impose the same sentence now that the guidelines are no longer mandatory.

The district court has responded that it would again impose the identical sentence of 420 months on Chavis post-*Booker*. Since Chavis's sentence would

remain the same, the *Booker* error did not affect Chavis's substantial rights, and Chavis cannot show plain error. *See id.* at 484. We will therefore affirm as long as the sentence is reasonable. *See id.*

We invited the parties to file arguments regarding the appropriate disposition in light of the district court's decision. Only Chavis responded to our invitation. As the sentence falls within the applicable guidelines range, it is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Chavis bears the burden of demonstrating that the sentence was unreasonable. *See id.*

Chavis argues that the district court improperly weighed the various factors set forth in 18 U.S.C. § 3553(a) when imposing his sentence. To make his point, Chavis relies on the relative brevity of the conspiracy in which he participated, personal factors such as his age and children, and the sentencing differential between powder and crack cocaine. Chavis does not carry his burden. While the district court imposed a stiff sentence, it considered the appropriate factors and sufficiently articulated the reasons for its actions on remand. Therefore, we AFFIRM the district court's original sentence.